IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSHUA JENSEN,**

    **Plaintiff,**

    v.                                           CASE NO. 25-3212-JWL

**ADAM C. PROFITT, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On October 6, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until November 6, 2025, in which to respond and show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court's MOSC was mailed to Plaintiff at his address of record at LCF. The mail was returned, noting that Plaintiff refused delivery of the MOSC. (Doc. 6.) Federal Rule of Civil Procedure 77(d) provides that orders are served according to Rule 5(b). Fed. R. Civ. P. 77(d). Rule 5(b) provides that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1260 (D. Kan. 2007) (finding that Rule 5(b)(2)(C) was complied with and stating that the court's administrative procedures provide that pro se filers will receive orders of the court by first class mail, and rejecting request by prisoner to receive court orders by certified mail).

Plaintiff asserts jurisdiction under 28 U.S.C. § 1343[1] and K.A.R. 44-15-203. (Doc. 1, at 2.) Plaintiff alleges that under the Fourteenth Amendment, he is entitled to equal protection of the law. *Id*. Plaintiff alleges that the Secretary of Corrections and "its Administrative Corporation which the Secretary of the Dept of Administration oversees," have failed to provide for an ombudsman for corrections. *Id*. Plaintiff alleges that the requirement in K.A.R. 44-15-203 was effective May 1, 1980. *Id*. Plaintiff alleges that Defendant Proffitt "failed to administer the K.D.O.C. by failing to ensure the K.D.O.C. operated an ombudsman as required by K.A.R. 44-15-203." *Id*. at 3.

The Court found in the MOSC that Plaintiff failed to indicate how the lack of an ombudsman caused him injury, and it is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). The Court found that to the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his Complaint indicates he lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

---

[1] This statute confers subject matter jurisdiction over various claims. The Court considered Plaintiff's claims as being asserted under 42 U.S.C. § 1983. *See Allen v. Saint Francis Ministries*, 2024 WL 2831606, at *2–3 (D. Kan. 2024) (noting that § 1343 does not provide a cause of action and construing the Complaint as one asserting a § 1983 claim for violating plaintiff's Fourteenth Amendment rights) (citing *Smith v. G & W Foods*, No. 20-CV-2517, 2021 WL 1546222, at *4 (D. Kan. Apr. 20, 2021) ("Section 1343 grants federal district courts jurisdiction to hear civil rights cases, but this statute does not specifically provide a cause of action.")).

The Court found that Plaintiff provides no factual allegations to support an equal protection violation, and he merely cites a regulation—K.A.R. 44-15-203.  The Court found that nothing in the regulation states that an ombudsman for corrections is required, nor has Plaintiff pointed to any authority suggesting that the lack of an ombudsman violates his constitutional rights.  The Court found that: the violation of a regulation does not constitute a constitutional violation; the KDOC has an administrative grievance system in place; and the Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system.  *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted).

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim."  (Doc. 4, at 7.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated November 7, 2025, in Kansas City, Kansas.

> S/ John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**